**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> HOMETOWN CIGARS & LOUNGE LLC d/b/a HOMETOWN CIGARS & LOUNGE, BRIAN DONOVAN, JASIU OSAKOWICZ, and JASON MARCHESE, <br><br> Defendants. | CASE NO.: 1:23-cv-244 (AMN/DJS) |

**COMPLAINT**

Plaintiff JOE HAND PROMOTIONS, INC., by and through its attorneys, for its Complaint against Defendants HOMETOWN CIGARS & LOUNGE LLC d/b/a HOMETOWN CIGARS & LOUNGE, BRIAN DONOVAN, JASIU OSAKOWICZ, and JASON MARCHESE ("Defendants"), hereby alleges as follows:

THE PARTIES

1. Plaintiff JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. Plaintiff held the exclusive commercial licensing rights to the broadcast of *Deontay Wilder vs. Tyson Fury II* telecast nationwide on February 22, 2020 and *Ultimate Fighting Championship® 248: Israel Adesanya vs. Yoel Romero*, telecast nationwide on March 7, 2020, including all undercard bouts and commentary, (the "Programs").

2. Upon information and belief, Defendant HOMETOWN CIGARS & LOUNGE LLC:

        a.        is a New York limited liability company;

        b.        is a business that conducts business in the State of New York;

        c.        conducted business as "HOMETOWN CIGARS & LOUNGE" on the dates of the Programs;

        d.        operates, maintains and controls the establishment known as HOMETOWN CIGARS & LOUNGE located at 278 Glen Street, Glens Falls, NY 12801 (the "Establishment"); and

        e.        operated, maintained and controlled the Establishment on the dates of the Programs.

3.        Upon information and belief, Defendant BRIAN DONOVAN is an individual residing in the State of New York. On the dates of the Programs, Defendant BRIAN DONOVAN:

        a.        was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

        b.        had a right and ability to supervise the activities of the Establishment; and

        c.        had an obvious and direct financial interest in the activities of the Establishment.

4.        Upon information and belief, Defendant JASIU OSAKOWICZ is an individual residing in the State of New York. On the dates of the Programs, Defendant JASIU OSAKOWICZ:

        a.        was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

        b.        had a right and ability to supervise the activities of the Establishment; and

        c.        had an obvious and direct financial interest in the activities of the Establishment.

5.        Upon information and belief, Defendant JASON MARCHESE is an individual residing in the State of New York. On the dates of the Programs, Defendant JASON MARCHESE:

      a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.    had a right and ability to supervise the activities of the Establishment; and

      c.    had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

7. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

## FACTS

8. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

9. Plaintiff is a company that specializes in licensing and distributing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

10. By contract, Plaintiff was granted the exclusive right to license and distribute the Programs to commercial establishments throughout the United States. The Programs broadcasts originated via satellite uplink, and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

11. Plaintiff entered into subsequent agreements with various commercial establishments in the State of New York that, in exchange for a fee, allowed them to exhibit the Programs to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Programs broadcasts to those establishments in the State of New York.

12. Prior to each of the broadcasts of the Programs, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Programs in the Establishment for a fee. However, Defendants chose not to contract with Plaintiff or pay any fees to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit the Programs in the Establishment.

13. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Programs or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication to patrons in the Establishment.

14. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited the Programs to the patrons within the Establishment.

15. Defendants pirated Plaintiff's licensed exhibition of the Programs and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

16. At the time of the wrongful conduct described herein, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

## SATELLITE PIRACY/CABLE PIRACY

17. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

18. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Programs, as described above, violates 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

19. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Programs, as described above, violates 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

20. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

    a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553;

      b.      for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

      c.      for such other and further relief to which Plaintiff may be entitled.

Respectfully,

Dated: February 22, 2023

By: /s/ Jon D. Jekielek
Jon D. Jekielek, Esq.
Jekielek & Janis
31 Cloverhill Place, Floor 1
Montclair, NJ 07042
T: 212-686-7008
jon@jj-lawyers.com

Attorneys for Plaintiff